Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
## Southern District of Florida
## Civil Division

FILED BY _____ D.C.

OCT 28 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Joanne Elizabeth Vena

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Fraser Yachts;
Bella Marine Ventures; M/Y Keiki Kai

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 0:20-61620-WPD
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☐ Yes  ☒ No

## AMENDED COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   - Name: Joanne Elizabeth Vena (in pro se)
     Street Address: 2017 PMB 177, PO Box 1133
     City and County: Richmond, Henrico
     State and Zip Code: VA 23218
     Telephone Number: 203-357-5453
     E-mail Address:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Fraser Yachts |
| Job or Title *(if known)* | |
| Street Address | 1800 SE 10th Ave. #400 |
| City and County | Fort Lauderdale, Broward |
| State and Zip Code | FL 33316 |
| Telephone Number | 954.463.0600 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Bella Marine Ventures |
| Job or Title *(if known)* | |
| Street Address | 1800 SE 10th Ave #400 |
| City and County | Fort Lauderdale, Broward |
| State and Zip Code | FL 33316 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | M/Y Keiki Kai |
| Job or Title *(if known)* | |
| Street Address | 1800 SE 10th Ave. #400 |
| City and County | Fort Lauderdale, Broward |
| State and Zip Code | FL, 33316 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

/ιο) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Jones Act

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        The defendant, *(name)* _____, is a citizen of
        the State of *(name)* _____. Or is a citizen of
        *(foreign nation)* _____.

   b.   If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under
        the laws of the State of *(name)* _____, and has its
        principal place of business in the State of *(name)* _____.
        Or is incorporated under the laws of *(foreign nation)* _____,
        and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please see Attachment 1.

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Immediate relief is sought in the form of maintenance and cure. Appropriate and knowledgeable medical care is needed immediately. Plaintiff continues to experience significant symptoms and injury related effects daily. Plaintiff is unaware of the dollar amount because the treatment is ongoing, therefore specific amounts are yet to be calculated and determined.

Plaintiff also seeks damages under the Jones Act and the General Maritime Law for lost wages, future loss of earnings, pain and suffering and other general damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 26, 2020

Signature of Plaintiff

Printed Name of Plaintiff    Joanne Elizabeth Vena (in pro se)

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Attachment 1

Vena v Fraser Yachts et. al.

Statement of Claim

Joanne Elizabeth Vena, the plaintiff, was an employee serving aboard the vessel M/Y Keiki Kai. She was hired as a Stewardess / Deckhand and later became the Stewardess / Deckhand / Cook.

The vessel M/Y Keiki Kai is managed and operated by defendants Fraser Yachts and Bella Marine Ventures. The M/Y Keiki Kai is regularly docked in South Beach, Miami and transits between Ft. Lauderdale, South Beach, Miami and Bimini, Bahamas, carrying passengers and crew.

Plaintiff boarded the vessel M/Y Keiki Kai for work on this voyage in Miami Beach, Florida.

In August, 2017, the vessel M/Y Keiki Kai transited from South Beach Miami, Florida to Resort World on the island of Bimini in the Bahamas with crew, including plaintiff, and guests aboard.

On or about August 10, 2017 the plaintiff was significantly injured while working aboard the vessel, and sustained a concussion. The cornered end of an open cabinet struck the top right of her skull as she stood up from picking something up a bottom stair in the crew mess. The injury was caused by the negligence of the defendants and unseaworthiness of the vessel in failing to provide a safe place to work.

The impact with the cabinet was severe and she blacked out. Upon regaining awareness, she immediately communicated what happened to the captain of the vessel. Ice was given and she returned to work. She communicated to the captain she needed medical attention and persisted in asking the captain for medical care which was initially denied.

Eventually, in response to her demands for medical care, the captain offered to allow her to speak with an on-call physician service. After two phone conversations with the on-call physician service over the course of two days she left the vessel for Jackson Memorial Hospital in Miami, Florida, via ferry.

During the two days after she was injured and the time she left the vessel for the hospital, she continued working her usual customary duties. These duties including cleaning, cooking, attending guests, assisting on deck.

The plaintiff returned to work the following day after the hospital visit but was unable to work aboard due to injury.

She contacted Fraser Yachts and advised the representative of her injury and hospital visit. He did not offer any assistance.

She was not paid for the remainder of the trip.

Concussion Syndrome and mTBI (mild traumatic head injury) were diagnosed following the injury.

No medical care has been paid and no maintenance has been paid.

Vena v Fraser Yachts et. Al.
Attachment 1
Pg. 2

Claim 1:

For Maintenance and Cure under the Jones Act and General Maritime Law. Plaintiff is, and has been, unfit for duty to her brain injury and has required, and continues to require, ongoing medical treatment by doctors and competent medical staff. Defendants have failed to provide medical care, as well as failed to provide maintenance pay at a reasonable daily rate since the date of her injury, as they are obligated to do, resulting in further injury.

Claim 2:

For Jones Act negligence and unseaworthiness of vessel for failure to provide a safe work area due to the crew repeatedly leaving items on staircase, cluttering the work space.

Claim 3:

For Jones Act negligence and unseaworthiness of vessel due to captain of vessel failing to provide adequate immediate medical care of an injured crew member. The inaction of captain to get crew member medical attention immediately which is a requirement of a vessel employing crew and this failure resulted in a worsening of her condition.

Claim 4:

For Jones Act negligence and unseaworthiness for failure to assign work to which Plaintiff was suited after she suffered her injury and was still ordered to complete her normal work assignments despite having a concussion.

Claim 5:

Failure to payoff plaintiff for the remainder of voyage.