UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOANNE ELIZABETH VENA,

    Plaintiff,

v.

                                  Case No.: 0:20-cv-61620-WPD

FRASER YACHTS, BELLA MARINE
VENTURES, and M/Y KEIKI KAI,

    Defendants.
_____/

## BELLA MARINE'S MOTION TO QUASH SERVICE
## AND MOTION TO DISMISS AMENDED COMPLAINT

Defendant, BELLA MARINE VENTURES, LTD (hereinafter "BELLA MARINE"), files this Motion to Quash Service and Motion to Dismiss Plaintiff's Amended Complaint for failure to state a cause of action against BELLA MARINE, and states as follows:

## INTRODUCTION

Plaintiff has failed to effect sufficient process against BELLA MARINE, and as such, service should be quashed.

Additionally, Plaintiff's Amended Complaint fails to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 12, and it should be dismissed.

## MEMORANDUM OF LAW

**I.    Plaintiff Failed to Effectuate Service**

On November 17, 2020, the Court entered an order to show cause requiring Plaintiff to notify the Court of her efforts to serve process on Defendants by November 30, 2020. ECF 9.

On December 1, 2020, Plaintiff filed a return of service stating that substitute service was obtained against BELLA MARINE by serving "Britt Usher" who is alleged to be the "owners

wife" (sic). [ECF 15]  BELLA MARINE is a limited company formed under the laws of the British Virgin Islands.  Britt Usher is not, and has never been, authorized to accept service on behalf of BELLA MARINE, nor is she the wife of BELLA MARINE VENTURES, LTD, the owner of the vessel M/Y KEIKI KEI.

When a defendant raises a question as to the sufficiency of service generally, "it is the Plaintiff's burden to prove sufficient service." *Am. Vintage Gun & Pawn, Inc. v. Hogan Mfg., LLC*, 2012 U.S. Dist. LEXIS 86340 (M.D. Fla. 2012) (citing *United States v. Austin*, 2011 U.S. Dist. LEXIS 108108 (S.D. Fla. 2011).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). A party may move for dismissal under Rule 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "The applicable burden on a motion to dismiss for insufficient service of process under Rule 12(b)(5) is identical to that on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2)." *Absolute Trading Corp v. PDVSA Servs., Inc.*, No. 10-21371-CIV, 2010 WL 11451772, at *2 (S.D. Fla. 2010). "In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, non resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *see also Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). "The burden-shifting framework established by the Eleventh Circuit for evaluating motions to dismiss for

personal jurisdiction requires the plaintiff to produce competent evidence in support of his jurisdictional claims once the defendant has rebutted the jurisdictional allegations in the complaint." *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1313 (S.D. Fla. 2010), *aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011); *Pyure Brands, LLC v. Nascent Health Sci. LLC*, No. 1:18-cv-23357-UU, 2019 U.S. Dist. LEXIS 227498, at *4-5 (S.D. Fla. 2019).

Federal Rule of Civil Procedure 4(h) governs service upon a corporation and provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> >
> > (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

A plaintiff may effect service of process on individuals, corporations or partnerships either by following Florida law for service of process, or by delivering a copy of the summons and complaint in compliance with one of the means of service set forth in Rule 4. *Porter v. Mainlands Sections 1 & 2 Civic Assoc.*, 2015 U.S. Dist. LEXIS 192585, at *13 (S.D. Fla. 2015).  Therefore,

in determining whether Plaintiff properly served the Defendants, the Court must examine the applicable Florida Statutes for service of process, as well as federal law. *Id.*

Service of process for corporations in Florida is governed by Florida Statute §48.081, which provides,

> **(1)** Process against any private corporation, domestic or foreign, may be served:
>
>> **(a)** On the president or vice president, or other head of the corporation;
>>
>> **(b)** In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>>
>> **(c)** In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>>
>> **(d)** In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081.

Plaintiff's service fails, as Britt Usher is not an officer of BELLA MARINE, nor is she a shareholder, managing or general agent of BELLA MARINE. Additionally, Britt Usher has never been authorized to accept service on behalf of BELLA MARINE. See Affidavit of Eduardo Avayu, attached as Exhibit 1. As such, Plaintiff's purported "substitute service" is insufficient under both Florida and Federal law.

Accordingly, Plaintiff has failed to effectuate service on BELLA MARINE, and the return of service filed by Plaintiff, ECF 15, should be quashed.

## II.     Standard for Motion to Dismiss

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *See Cal. Fin. LLC v. Perdido Land Dev. Co., Inc*., 303 F. Supp.

3d 1306, 1309 (M.D. Fla. 2017). In order to survive a motion to dismiss, a complaint must "state a claim that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face when the plaintiff alleges enough facts for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly,* 550 U.S. at 555. While courts must accept all well-pleaded allegations within the complaint, Courts do not have to accept legal conclusions made in the complaint as true. *Iqbal*, 556 U.S. at 678.

A complaint must also contain enough facts to demonstrate that the required elements exist. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Cornblatt v. Royal Caribbean Cruises Ltd.*, No. 16-CV-24755-KMM, 2017 WL 7790229, at *1 (S.D. Fla. May 11, 2017)(quoting O*xford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

### III. Jones Act Claims Fail

Plaintiff's Amended Complaint alleges that she was an employee aboard the vessel, M/V KEIKI KAI, on August 10, 2017 while we was injured. She claims she hit her head on an open cabinet, which allegedly caused a mild traumatic brain injury. However, Plaintiff makes no mention of how the alleged open cabinet was left open or whose actions led to the cabinet to being left open. As such, she has failed to assert sufficient facts to state a claim for which relief may be granted.

Additionally, Plaintiff's Amended Complaint fails to set forth even the basic elements of a claim for relief under the Jones Act against BELLA MARINE. The Jones Act provides the only

negligence remedy for an employee against his or her employer. *Ivy v. Security Barge Lines, Inc.*, 606 F.2d 524, 525 (5th Cir. 1979)

Plaintiff alleges co-defendant Fraser Yachts and BELLA MARINE, "managed and operated" the Vessel. However, Plaintiff never alleges that she was an employee of BELLA MARINE or Fraser Yachts. Absent the employee/employer relationship, Plaintiff is not entitled to recover under the Jones Act for negligence, unseaworthiness, or maintenance and cure from BELLA MARINE.

The claims as pleaded are only available against Plaintiff's employer. Specifically, 46 U.S.C.A. § 30104 states "seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C.A. § 30104. She further alleges her injury was caused by the negligence of "the defendants" and the unseaworthiness of the vessel.

While she attributes fault of the Vessel's Captain, she never alleges that the Captain was either employed by or an agent of BELLA MARINE. Further, she never alleges that the crew were employed by or agents of BELLA MARINE.

As stated, Plaintiff's Amended Complaint fails to assert an essential allegation that she was employed by BELLA MARINE at the time of her incident. In fact, she fails to assert that she was employed by any of the defendants allowing for recovery under the Jones Act in this case. Given the fact that the complaint lacks allegations of essential elements of the claims asserted, dismissal is proper. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

Even if the Amended Complaint set forth the required elements to demonstrate entitlement to relief under the Jones Act, it fails to state any facts to support the claim of negligence or unseaworthiness. Instead, the allegations are mere conclusions which fail to put the defendants on

notice of the conditions which Plaintiff claims caused her purported injuries. Accordingly, the Amended Complaint fails to state a cause of action.

### IV. Plaintiff's Maintenance and Cure Claims Fail

Under the general maritime law, maintenance and cure is owed to a seaman who becomes injured or ill in the service of the vessel. The duty of maintenance and cure is owed only by the seaman's employer. *Mahramas v. Am. Exp. Isbrandtsen Lines, Inc.*, 475 F.2d 165, 169 (2d Cir. 1973). Here, Plaintiff has failed to allege that BELLA Marine (or Fraser Yachts) was her employer, and as such, has failed to state a cause of action. Indeed, Plaintiff has failed to identify her employer entirely.

### V. <u>Amended Complaint is an Impermissible "Shotgun" Pleading</u>

Plaintiff has asserted five "claims" against all named defendants without distinguishing which Defendants are purportedly liable under each theory of liability.

The Eleventh Circuit has repeatedly held that shotgun pleadings are improper when it "is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." See *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

In the Eleventh Circuit, courts have identified four primary categories of shotgun pleadings: 1) pleadings with multiple counts where each count adopts the allegations of all preceding counts; 2) pleadings that rely on conclusory and vague allegations not tied to any cause of action; 3) pleadings that fail to separate out its various causes of action and claims for relief; and 4) a pleading that asserts numerous claims against multiple defendants without specifying which defendants are responsible for which acts or omissions. *Weiland v. Palm Beach Cty.*

*Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Plaintiff's Amended Complaint falls into the fourth category.

In the instant matter, Plaintiff has combined theories of negligence under the Jones Act, unseaworthiness, and maintenance and cure against all named defendants. However, Plaintiff does not specify which facts are intended to support which legal theories or which claims are asserted against each defendant.

Accordingly, Plaintiff's amended complaint should be dismissed as an impermissible shotgun pleading.

WHEREFORE, Defendant, BELLA MARINE, respectfully requests this Court quash the service on Defendant BELLA MARINE and/or dismiss Plaintiff's Amended Complaint, for failure to state a cause of action for which relief may be granted, for inadequate service, and for such further relief as this Court deems just and proper.

DATED this 23rd day of December, 2020.

*Respectfully submitted,*

 /s/ *Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No. 63414
**cliszt@admiral-law.com**
**Jonathan W. Skipp**
Florida Bar No. 710570
**jskipp@admirl-law.com**
HORR, NOVAK & SKIPP, P.A.
*Attorneys for Defendant Bella Marine Ventures*
Two Datran Center, Suite 1700
9130 South Dadeland Blvd.
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
Primary E-Mail Address: service@admiral-law.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December 23, 2020, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*Respectfully submitted,*

/s/ *Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No. 63414
**cliszt@admiral-law.com**

## SERVICE LIST

| | |
|---|---|
| **Joanne Elizabeth Vena** | **MICHAEL J. BRADFORD** |
| **2017 PMB 177, PO Box 1133** | Florida Bar No. 184314 |
| Richmond, Henrico Va 23218 | **JULIE A. AIELLO** |
| Miami, FL  33256 | Florida Bar No. 085808 |
| Tel: 203-357-5453 | MARSHALL DENNEHEY WARNER |
| *Pro Se* Plaintiff | COLEMAN & GOGGIN |
| | 201 E. Kennedy Blvd., Suite 1100 |
| | Tampa, Florida, 33602 |
| | Phone: 813-898-1800 |
| | Facsimile: 813-221-5026 |
| | *Attorneys for Defendant, Fraser Yachts* |